ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAPETRONIC COMPUTER USA (HK) LIMITED and CAPETRONIC COMPUTER INTERNATIONAL, LIMITED,<br><br>  Plaintiffs,<br>v.<br><br>MICRON ELECTRONICS, INC., n/k/a INTERLAND, INC.,<br><br>  Defendant. | C.A. No. 3-01CV2069-X |

**REPLY OF CAPETRONIC COMPUTER USA (HK) LIMITED
AND CAPETRONIC COMPUTER INTERNATIONAL LIMITED
TO COUNTERCLAIM OF INTERLAND, INC.**

Capetronic Computer USA (HK) Limited ("Capetronic USA") and Capetronic Computer International, Limited ("Capetronic Int'l"), Plaintiffs and now Counterdefendants, hereby reply to and answer the Counterclaim of Interland, Inc., Defendant and now Counterplaintiff, filed on or about October 22, 2001, as follows:

1.   Counterdefendants are without sufficient information to admit or deny the truth of Counterclaim paragraph 1, but believe the allegations therein to be true.

2.   Counterdefendants admit the allegations of Counterclaim paragraph 2 as to Capetronic USA and Capetronic Int'l. Counterdefendants do not have sufficient information to admit or deny the remainder of the paragraph, and therefore deny it.

3.   The allegations in Counterclaim paragraph 3 are denied.

4. Counterdefendants deny that this Court has subject matter jurisdiction over this cause, which argument is set out more fully in the Counterdefendants' Amended Motion for Remand. Counterclaim paragraph 4 is denied.

5. Counterdefendants admit that on several occasions from April 23, 1997 to May 21, 2001, Counterdefendants sold and delivered to Interland computer monitors, accessories, and parts, pursuant in part to a Master Purchase Agreement between the parties. Counterdefendants admit that they fully performed all of their obligations under the agreement between the parties, but that Interland has failed and refused to pay amounts due and owing to Counterdefendants. The remainder of paragraph 5 is denied.

6. Counterdefendants admit that an "AGREEMENT TO MODIFY PARAGRAPH 14.2 OF MASTER PURCHASE AGREEMENT BETWEEN MICRON ELECTRONICS AND CAPETRONIC COMPUTER USA (HK) LIMITED" was executed by the parties in December of 1998. Counterdefendants further admit that said paragraph 14.2 was modified by the parties to provide for various remedies and terms, including an indemnification agreement similar to the language of Counterclaim paragraph 6. Counterdefendants, however, point out that this agreement is subject to other provisions of the Master Purchase Agreement and also to subsequent actions, inactions, and other improper conduct of Interland, Inc. The remainder of Counterclaim paragraph 6 is denied.

7. Counterdefendants admit that the action described in Counterclaim paragraph 7 was indeed filed and included multiple allegations of patent infringement, some of which pertained to monitors supplied by Capetronic USA. Counterdefendants further admit that the action was settled and that Interland voluntarily made payments to Elonex on its own account

and in violation of its duties under the Master Purchase Agreement. The remainder of Counterclaim paragraph 7 is denied.

8. The allegations of Counterclaim paragraph 8 are denied.

9. Counterdefendants admit that, during 2001, Interland and Capetronic USA exchanged correspondence and allegations regarding amounts due under the Master Purchase Agreement and related matters. The remainder of paragraph 9 is denied.

10. The allegations in Counterclaim paragraph 10 are denied.

11. Counterdefendants hereby reallege paragraphs 1-10 above and incorporate them herein by reference.

12. The allegations of Counterclaim paragraph 12 are denied.

13. The allegations of Counterclaim paragraph 13 are denied.

14. The allegations of Counterclaim paragraph 14 are denied.

15. Counterdefendants specifically deny that Counterplaintiff has satisfied conditions precedent to its right to recovery under the alleged contract. Specifically, Counterplaintiff breached its obligation to timely notify Capetronic USA of "any claim or threatened claim pursuant to which indemnity will be sought." Master Purchase Agreement at paragraph 14.3. Counterdefendants further allege that Interland failed to "provide such assistance and cooperation as the indemnifying party may reasonably request, or as the indemnified party reasonably desires, in connection with the defense of any claim." Master Purchse Agreement 14.3.

16. No answer is required to this allegation.

## AFFIRMATIVE DEFENSES

Capetronic USA and Capetronic Int'l, Counterdefendants, here allege the following affirmative defenses to Interland's Counterclaim:

17. The Counterclaim fails to state a claim upon which relief can be granted.

18. Any claim of Interland is barred by its own breach of contract.

19. The Counterclaim is barred in whole or in part by Interland's failure to mitigate damages, if any were suffered.

20. Some or all of Interland's Counterclaim damages are barred by the statute of limitations.

21. Interland is estopped from and/or has waived the right to bring the Counterclaim alleged.

22. Interland is barred from bringing the Counterclaim by reason of its breach of paragraph 14.3 of the Master Purchase Agreement.

WHEREFORE, Capetronic USA and Capetronic Int'l request that judgment be entered in their favor on all claims and Counterclaims in this action, that the Counterclaim of Interland be dismissed with prejudice, that Capetronic USA and Capetronic Int'l be awarded attorneys fees on all claims in this action, for their costs, prejudgment and post-judgment interest, and for such other relief as the Court deems appropriate.

Respectfully submitted,

Date: 11-9-01

*[signature: Steve Malin]*

Steven C. Malin
Texas State Bar No. 12859750
Kathi A. Cover
Texas State Bar No. 00793554
SIDLEY AUSTIN BROWN & WOOD
717 North Harwood, Suite 3400
Dallas, Texas 75201
(214) 981-3300 (Telephone)
(214) 981-3400 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

5

## CERTIFICATE OF SERVICE

I hereby certify that on the ___9___ day of November, 2001, the foregoing **"REPLY OF CAPETRONIC COMPUTER USA (HK) LIMITED AND CAPETRONIC COMPUTER INTERNATIONAL LIMITED TO COUNTERCLAIM OF INTERLAND, INC."** was served on the following attorney for Defendant in the manner indicated:

>Michael A. Swartzendruber
>Fulbright & Jaworski, LLP
>2200 Ross Avenue, Suite 2800
>Dallas, Texas 75201-2784
>(HAND DELIVERY)

_____
Steve Malin